UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS ESPINOZA and CRISTINA ESPINOZA,<br><br>       Plaintiffs,<br><br>v.<br><br>JOGINDER SINGH and PEOPLE EXPRESS TRANSPORT LTD.,<br><br>       Defendants. | Case No. 2:17-cv-02668-APG-PAL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 11) |

Defendants Joginder Singh and People Express Transport Ltd. ("People Express") move to dismiss claims brought against them by plaintiffs Carlos Espinoza and Cristina Espinoza arising from a motor vehicle collision. The defendants contend this court lacks personal jurisdiction over them. The defendants are not Nevada residents, and have not purposefully availed themselves of the privileges and benefits of conducting activities in Nevada. Therefore, I grant the defendants' motion.

**I. BACKGROUND**

In January 2016, Carlos Espinoza was driving a semi-truck northbound on Interstate 15. ECF No. 1 at 11. Singh, too, was driving a semi-truck northbound on the same highway, on behalf of his employer People Express. *Id.* The Espinozas allege Singh was speeding and unable to stop in time, thus rear-ending Espinoza's vehicle and causing it to overturn. *Id.* at 11, 14. Although the complaint does not specify where the incident occurred, both parties agree it occurred in California. ECF Nos. 11 at 3; 12 at 2.

**II. DISCUSSION**

Federal courts have personal jurisdiction over defendants when permitted by a state long-arm statute and when the exercise of that jurisdiction does not violate federal due process. *Pebble Beach v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). Nevada's long-arm statute authorizes

the exercise of personal jurisdiction to the extent allowed by federal due process. *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1115 (D. Nev. 2013).  Consequently, I must determine whether the exercise of personal jurisdiction in this case would be consistent with due process.

### A. General Jurisdiction

General jurisdiction exists when a defendant has established a presence in the forum state. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317 (1945).  To exercise general jurisdiction over a non-resident, the defendant's relationship with the forum state must be "systematic and continuous." *Id.* at 320.  A non-resident corporate defendant must have a relationship with the forum state "so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Consistently doing business in a forum state does not necessarily rise to the level of a constant and pervasive relationship. *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 417 (1984).  Mere purchases in and related trips to the forum state, even if done regularly, do not justify the assertion of general jurisdiction over a non-resident corporation. *Id.* at 416–18; *see also Bancroft & Masters v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (2000) (finding that contracting with state vendors through licensing agreements did not constitute doing business in the forum state and prohibiting the exercise of general jurisdiction).

People Express is incorporated in and has its principal place of business in Alberta, Canada. ECF Nos. 11 at 4; 12 at 2.  Singh is a Canadian citizen and is not a resident of Nevada. ECF No. 1 at 10.  The Espinozas have not shown, nor have they argued, that either People Express or Singh established a systematic and continuous presence in the state.  Thus, this court cannot exercise general personal jurisdiction over the defendants.

### B. Specific Jurisdiction

Due process may be satisfied if a defendant has sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction over it does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.  For a court to exercise this specific

jurisdiction, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017).

The Ninth Circuit has established a three-prong test to determine specific jurisdiction:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one of which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  The plaintiffs must satisfy both the first and second prongs.  If they do so, the burden shifts to the defendant to show the exercise of jurisdiction would not be reasonable. *Id.*

Under the first prong, I must determine whether the defendants purposefully availed themselves of the privileges and benefits of the forum state, thereby submitting themselves to the burden of litigation there. *Id.*  Under the second prong, the plaintiffs must show the underlying controversy arose out of the defendants' purposeful availment of the forum state.  Specific jurisdiction is absent when the defendant is connected to the forum state only in some unrelated manner. *Bristol-Meyers Squibb Co.*, 137 S. Ct at 1781.

Even if I assume the plaintiffs can meet their burden as to the first prong, the underlying controversy is not related to the defendants' contacts with the forum state.  The Espinozas' claims arise from a crash that occurred in California, not from People Express's alleged activity in Nevada. *See Goodyear*, 564 U.S. at 919 ("Because the episode-in-suit, the bus accident, occurred in France, and the tire alleged to have caused the accident was manufactured and sold abroad, North Carolina courts lacked specific jurisdiction to adjudicate the controversy.").  The Espinozas rely primarily on their own relationship with Nevada to establish personal jurisdiction, including their residence and medical care here.  However, the focus of the specific jurisdiction analysis is

on the defendant's contacts with the forum, not on the plaintiffs' contacts. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).[1]

The Espinozas argue that fair play and substantial justice would not be offended by exercising personal jurisdiction over the defendants.  But because they have not established that the defendants had sufficient minimum contacts with Nevada, I need not consider whether exercising personal jurisdiction would violate fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

The plaintiffs have not established that I have personal jurisdiction over the defendants. Therefore, I grant the motion to dismiss.

### III. CONCLUSION

IT IS HEREBY ORDERED that the defendants' motion to dismiss (**ECF No. 11**) is **GRANTED**.  All claims are dismissed without prejudice for lack of personal jurisdiction.

DATED this 26th day of February, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] By way of example, if the Espinozas lived in Arizona, they could not bring a suit in Nevada for an accident caused by Canadian citizens in California.  The fact that the Espinozas live in Nevada does not change the analysis of the defendants' contacts with Nevada.